# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 14-51072
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICENTE MIRANDA-CUEVAS,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2015

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-189-1

---

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vicente Miranda-Cuevas pleaded guilty to illegal reentry in 2014 after deportation, in violation of 8 U.S.C. § 1326. He was sentenced above the sentencing range under the advisory Sentencing Guidelines to 48 months' imprisonment.

Miranda challenges the substantive reasonableness of his sentence, claiming it is greater than necessary to accomplish the 18 U.S.C. § 3553(a)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-51072

sentencing goals.   As part of his claim, Miranda asserts the district court considered his state-criminal convictions, which were not used in computing his criminal-history category for his sentencing range.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).   In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).   As noted, Miranda does not claim procedural error;   he challenges only the substantive reasonableness of his sentence.   In that regard, a sentence outside of the sentencing range is substantively unreasonable if it:  "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors".   *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) (citations omitted).

For sentencing, the court considered the information in the presentence investigation report, the advisory sentencing range, the parties' oral presentations, pertinent policy statements, and the § 3553(a) sentencing factors.   (Factors considered by the court do not appear to have included Miranda's outdated state-criminal convictions that were, accordingly, not used in computing his criminal-history category.   But, if they were, this would not constitute error.   *See Smith*, 440 F.3d at 709.)

Relying on Miranda's prior 24-month and 30-month terms of imprisonment for illegal reentry, the court made an individualized assessment

No. 14-51072

that a sentence within Miranda's 10 to 16 months would not adequately deter him from engaging in future criminal conduct.  Additionally, his 48-month term of imprisonment is significantly below the statutory maximum and within the range of variances this court has affirmed as substantively reasonable.  *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (affirming a 216-month sentence where the sentencing-range maximum was 57 months).

"[T]he sentencing court is free to conclude that the applicable Guidelines [sentencing] range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)".  *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (citation and internal quotation marks omitted).  Miranda effectively requests this court to reweigh the § 3553(a) sentencing factors, but we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance".  *Gall*, 552 U.S. at 51.

AFFIRMED.